DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

NICHOLAS A. PALMIGIANO, et al.

V. C.A. No. 74-0172 P

BRUCE G. SUNDLUN, et al.

THOMAS R. ROSS et al.

V. C.A. No. 75-0032 P

BRUCE G. SUNDLUN, et al.

William OBrien John Pierce,
Mark S Geisser, Eric Day
William Thomas

V. C.A. No. __________

ASHBEL T. WALL, et al.

MOTION FOR CIVIL CONTEMPT
18 USC § 401 (3)

Now comes Plaintif and all others, as the complaining parties of the plaintiff class who identifies the alleged contemnors as Ashbel T. Wall and all others as successors to the above named defendants. ____ and others are incarcerated inmates housed at the John J. Moran building, (Medium One), and are successors to the plaintiffs, thus members of the plaintiff class who enjoy the protections of the attached "SETTLEMENT AGREEMENT", as described above entered on March 18, 1994.

STATEMENT OF FACTS

The alleged contemnors actions in seeking to add additional bunks to exceed the designated maximum population capacities of the Medium One facility housing areas are clearly intentional and violates the existing "SETTLEMENT AGREEMENT" as follows:

1. Alleged contemnors seek to make renovations by alterating and intruding into the 288 cells designated by the existing SETTLEMENT AGREEMENT as single bunked, despite the contemnors have agreed at section III., B., "they will not assign more than one person to a cell in existing facilities."

2. Alleged contemnors seek to make capital improvements, alterations, or renovations in violation of section II., J., which states in its pertinent part, "In the event that achieving substantial compliance requires the defendants to make any capital improvements, alterations, or renovations, they may achieve substantial compliance in the following manner. The defendants shall prepare and submit to plaintiff's counsel a written document which sets forth in detail a plan for the improvement, alteration, or renovation, the amount of funds required, the source of those funds, and specific timetable for completing the work. If counsel for plaintiff's approve of the foregoing plans in writing, the defendants shall be entitled to a finding of substantial compliance from the date of such written approval rather than the actual completion of the capital improvement, alteration, or renovation. Plaintiffs shall not unreasonably withhold approval." Here the alleged contemnors seek to intentionally circumvent such procedure in complete defiance of the existing settlement agreement.

3. Alleged contemnors seek to intrude upon the 288 cells, (top teir), which have been designated by the attached "SETTLEMENT AGREEMENT" as being single bunked and reflects throughout this settlement agreement that such bunks are to remain as single bunked by agreement of all parties. Thus, furthering the violation of section III., D., 1., and additionally exceeding the designated maximum population capacities relative to the respected housing area's and the population as a whole.

JURISDICTION

This motion is brought under Federal Question Jurisdiction and further derived under the express "SETTLEMENT AGREEMENT" itself at section III., G., which in its

pertinent part states, "Paragraphs A through E, inclusive to section III. shall be enforceable in any federal or state court of competent jurisdiction."

STATUTE

Alleged contemnors acts are of civil contempt pursuant to 18 USC § 401 (3), as being in contempt for specified misbehavior, and for disobediance of Federal Court Order, decree, writ, process, or command.

RELIEF

Wherefore, the plaintiffs seek costs relating to contempt proceedings and attorney fees relating to such proceedings. Plaintiffs seek an ORDER adjudging alleged contemnors in contempt of court, and further request that any capital improvements, alterations, or removations that may have recently taken place in an effort to intrude into the 288 cells designated as single bunked cells which have been altered to acommodate an additional bunk be returned to status quo, by the ordered removal of the recently unauthorized installed bunk. Plaintiffs further pray that the Honorable Court will invoke it's inherent authority and reactivate the terms and orders of the MEMORANDUM AND ORDER of the Honorable Judge Raymond J. Pettine of May 22,1990, in an effort to relieve "overcrowding" as alternatives imposed in past imposed ORDERS of this Court. Lastly, any relief which this Court may deem available and deem fit.

Respectfully,

The Plaintiffs:

William OBrien

[illegible signature]

Eric Day

William Thomas

[illegible signature]

P.O. BOX 8274
CRANSTON, RI, 02920

**CERTIFICATION**
28 USC 1746

I hereby swear upon penalty of perjury that a true copy of this documentation was placed in the interdepartmental mailbox, postage pre-paid and sent to the persons below on this 7 day of January, 2007;

SUCCESSOR TO ALVIN J. BRONSTEIN ESQ.
AS COUNSEL FOR THE PLAINTIFFS
NATIONAL PRISON PROJECT
915 15th STREET, N.W., 7th FLOOR
WASHINGTON, DC, 20005

ATTORNEY GENERALS OFFICE
150 SOUTH MAIN STREET
PROVIDENCE, RI, 02903

STEPHEN BROWN ESQ.
AMERICAN CIVIL LIBERTIES UNION
128 DORRANCE STREET
PROVIDENCE, RI, 02903

Respectfully,

William OBrien William OBrien
John Pierce
Eric Day
William Thomas