LEGAL COUNSEL
FEB 1 3 2003
DEPT OF CORRECTIONS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
FEB 10 2003
Property of U.S. District Court
District of Rhode Island

NICHOLAS A. PALMIGIANO, et al

v. C. A. NO. 74-0172

LINCOLN C. ALMOND, et al

THOMAS R. ROSS, et al

v. C. A. NO. 75-0032

LINCOLN C. ALMOND, et al

STIPULATION

WHEREAS, the parties entered into a Final Settlement Agreement dated March 18, 1994 and approved by the United States District Court For The District Of Rhode Island on July 15, 1994. (Copy is attached):

WHEREAS, there have been recent population increases in the segregation unit at Medium Security (known as the John J. Moran Medium Security facility), which was covered by the Final Settlement Agreement.

WHEREAS, Defendants have submitted a plan to increase the capacity in the segregation unit of the John J. Moran Medium Security facility by adding an additional overhead bunk bed in each cell.

WHEREAS, Defendants have assured Plaintiff's counsel that any segregation inmates who will be double celled will first be carefully screened to minimize any potential for risk or danger, and any such double celling in segregation will be limited in duration to a maximum period of thirty (30) days for any single incident.

Now, the parties agree to the following amendments of the Final Settlement Agreement, which was dated March 18, 1994, approved by the Court on July 15, 1994, and subsequently amended in June, 1995, further amended on December 20, 1996,

approved by the Court on January 3, 1997, and further amended and approved by the Court on May 31, 2002. (Copies of said Modifications are attached).

The Final Settlement Agreement, dated March 18, 1994, in Section III, ¶ D. 1 provided that the John J. Moran Medium Security facility segregation unit capacity shall be twenty- four (24) cells, single bunked. The Defendants now seek to increase the segregation unit capacity in the John J. Moran Medium Security facility by twenty-four (24) beds. Therefore, the total capacity for the John J. Moran Medium Security facility segregation unit shall be forty-eight (48) beds.

The Defendants have now verified that the aforementioned increases would not be detrimental to the infrastructure of the facilities and would improve prison management. Plaintiff's counsel has reviewed the plan to increase said capacity and agreed that the requested population increases will not impair or infringe upon inmates' rights.

Accordingly, it is stipulated and agreed that Section III, ¶ D. 1 is modified to the extent that the population capacity in the segregation unit at the John J. Moran Medium Security facility shall hereinafter be forty-eight (48) beds, permitting total double celling of the entire module.

All other provisions of the Agreement remain in full force and effect.

Dated: February 3, 2003

Attorney for the Plaintiffs

Alvin J. Bronstein
Alvin J. Bronstein, Esq.
6618 31st Street, N. W.
Washington, DC 20009

Attorneys for the Defendants

Richard B. Woolley
Richard B. Woolley, Esq. #1452
Special Assistant Attorney General
Dept. of the Attorney General
150 South Main Street
Providence, R. I. 02903

Anthony A. Cipriano
Anthony A. Cipriano, Esq.
Chief Legal Counsel
Rhode Island Dept. of Corrections
40 Howard Avenue
Cranston, R. I. 02920

Approved and So Ordered:

Ronald R. Lagueux

Ronald R. Lagueux
Senior United States Judge

Date: 2/11/03.