UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NICHOLAS A.PALMIGIANO,ET.AL.,

V. C.A.NO.74-0172P

BRUCE G.SUNDLUN,ET.AL.,

THOMAS R.ROSS,ET.AL.,

V. C.A.NO.75-0032

BRUCE G.SUNDLUN,ET.AL.,

PLAINTIFF'S OBJECTIONS TO THE PLAINTIFFS' ATTORNEY ALVIN J.BRONSTEIN AGREEING TO ALLOW DEFENDANTS'TO TO PUT IN ONE HUNDRED AND FORTY-FOUR BUNKS IN THE MEDIUM SECURITY PRISON #1 SINGLE MAN CELLS.WHICH A U.S.MAGISTRATE ACCEPTED RECOMMENDATION.

NOW COMES THE PLAINTIF IN THIS MATTER WHOM IS A BENEFICIARY TO ABOVE MENTIONED MATTER.AND FURTHER ALLEGES THAT PLAINTIFFS' SO:CALLED ATTORNEY MR.BRONSTEIN AND DEFENDANTS' ATTORNEY AND THE U.S.DISTRICT COURT MAGISTRATE HAVE ALL MISTAKENLY MISINTERPRETED THIS CASE MENTIONED ABOVE AS IT WAS SETTED BY ALL PARTIES INVOLVED ON MARCH 18,1994.

PLAINTIFF ASSERTS TO THIS HONORABLE COURT,THAT,THE SETTLEMENT AGREEMENT ENTERED INTO BETWEEN THE PARTIES SPECIFICALLY STATED AT IN PALMIMIGANO,ET.AL. V.SUNDLUN,ET.AL.,SUPRA.,AT IX,PAGE=# 22-23-THE FOLLOWING:

IX.PERMANENT STATE PRISON OVERCROWDING CONTROL MECHANISM

A.ONE OF THE STATED PURPOSES OF EXCUTIVE ORDER NO.92-26 CREATING THE GOVERNOR'S COMMISSION TO AVOID FUTURE PRISON OVERCROWDING WAS TO TERMINATE FEDERAL COURT SUPERVISION OVER THE ACI BY HAVING THE COMMISSION CONSIDER "THE CREATION OF A PERMANENT BODY THE PURPOSE OF WHICH SHALL BE TO MAINTAIN THE PRISON POPULATION WITHIN CAPACITY ON AND ONGOING BASIS."

B.THE STATE OF RHODE ISLAND HAS CREATED A PERMANENT AGENCY,BODY,COMMISSION OR OTHER MECHANISM (HEREAFTER "STATE MECHANISM") WITH THE AUTHORITY AND POWER TO CONTROL PRISON OVERCROWDING.

IN A NUT-SHELL PLAINTIFF ASSERTS TO THIS HONORABLE COURT,THAT, PLAINTIFFS' SO:CALLED ATTORNEY ALVIN BRONSTEIN FAILED TO NOTIFY HIM AND/OR OTHER PRISONERS WHOM ARE PLAINTIFFS' IN THE CASE MENTIONED HEREIN.AND HAS MISTAKENLY ALLOWED BY AGREEMENT WITH THE DFENDANTS' TO PUT IN ONE HUNDRED AND FORTY-FOUR BEDS IN MEDIUM SECURITY SINGLEMEN CELLS.IN WHICH,WILL BE IN DIRECT CONFLICT AND VIOLATION OF FIRE CODES AND CAUSE FURTHER OVERCROW-DING IN THIS FACILITY WAY BEYOND NINETY-FIVE PERCENT AND/OR ONE HUNDRED PERCENT OF ITS CAPACITY SHALL BE DEALT WITH VIA 42-26-13.3,PRISON INMATE POPULATION CAPACITY-ENFORCEMENT MECHANISM.AND NOT BY THE FEDERAL COURTS OR SOME OTHER PLATFORM OF THE DEFENDANTS' OR PLAINTIFFS'CHOOSING.

PURSUANT TO F.R.CIV.PROCEDURE IT IS MY POSTION THAT THE FEDERAL COURTS LACKS JURISCTION TO HEAR THIS CASE ON OVERCROWDING ISSUES.IN LIGHT OF THE FACT,THAT,DEFENDANTS' AND PLAINTIFFS' ATTONIES HAVE SETTLED THIS BY THEIR PRIOR SETTLEMENT AGREEMENT IN THIS MATTER THAT RESOLVED THIS MATTER.

FOR THE REASONS PROFFERRED HEREIN THE PLAINTIFF REQUEST THAT HONORABLE COURT DENY ANY RECOMMENDATIONS ADOPTED BYB A U.S.MAGISTRATE APPROVING AND/ OR ACCEPTING THE PLAINTIFFS'AND DEFENDANTS'NEWLY MISINTERPETATION OF THE LAW AND AGRREMENT TO DOUBLE BUNK 144 BEDS.

RESPECTFULLY SUBMITTED BY:
Michael Richardson

CERTIFICATION OF SERVICE

I,THE UNDERSIGNED HEREBY CERTIFY THAT I HAVE MAILED A TRUE COPY OF THE WITHIN OBJECTIONS TO THE DEFENDANTS' ATTORNEY MAUREEN G.GLYNN 150 SOUTH MAIN STREET.PROVIDENCE.RI.02903 AND ANTHONY A.CIPRIANO AT 40 HOWARD AVENUE.CRANSTON.RI.02920.AND PLAINTIFFS' ALVIN J.BRONSTEIN AT NATIONAL PRISON PROJECT OF THE ACLU FEDERATION-1875 CONNECTICUT AVE,NW,SUITE 410.,WASHINGTON.D.C. 20009 ON THE 1st DAY OF August 2007.

Michael Richardson