STATE OF RHODE ISLAND
AND PROVIDENCE PLANTATIONS

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

Plaintiff Norman Wheeler :

PLEASE EXPEDITE

Vs. :

CA No.________

ASHBEL T. WALL, II
Defendant et.al. :

PETITION FOR ADMINISTRATIVE WRIT OF MANDAMUS

Now comes the undersigned, and pursuant to the Superior Court Rules of Civil Procedure, Rule 80 through 83, respectfully request this Honorable Court for an Administrative Writ of Mandamus. In support of this petition, the above named plaintiff states as follows:

PARTIES

1.) Plaintiff, Norman Wheeler, is confined at the John J. Moran Medium Security Facility in Cranston, Rhode Island.

2.) The Defendant Ashbel T. Wall, II., is the Director of Corections "DOC". Pursuant to R.I.G.L. §42-56-6 and 10 the defendant is inter alia, responsible for managing, directing, and supervising the operation of the DOC and specifically the John J. Moran Facility and is a member of the Governors Justice Oversight Committee pursuant to R.I.G.L. §42-26-1 et.seq.

3.) Defendants' John and Jane Doe's are the Chairperson and Members of the Governor's Justice Oversight Committee pursuant to R.I.G.L. §42-26-1 et.seq.

FACTS

4.) Plaintiff, Norman wheeler, is a penal inmate confined in the Medium Security Facility in Cranston, Rhode Island, and aggieved by, the acts, decision, and omissions of the defendant's as alleged in this petition. Petition has a fundamental vested right and interests which have been adversely affected by the acts, decisions, and omissions of defenants'.

5.) This action challenges the legality of the decision of defendants' to proceed with double bunking modules in Medium Security Facility No.1 A,B,C,D,E, and F Mods to tier single men cells without complying with the Governor's Justice Oversight Committee Pursuant to R.I.G.L. §42-26-1 et.seq., Specifically R.I.G.L. §42-26.13.3 Prison inmate population capacity enforcement mechanisms. Defendants are subject to the requirements R.I.G.L. §42-26-1 et.seq., of the Governor's Justice Oversignt Committe's prison inmate population capacity enforcement mechanisms. Whenever the overall population of the Adult Correctional Institution exceeds Ninety-Five percent of the annual capacity set by the committee for Thirty consecutive days or whenever the prison inmate population of any secure facility within the Adult Correctional Institute exceeds One Hundred percent of its capacity established by Court Order, Consent Decree, or otherwise, for Five consecutive days, the Defendant Ashbel T. Wall, Director of Corrections **Shall** notify the Chairperson of the Committee in writing and said Chairperson **Shall** schedule an Emergency meeting of the Committee within Five busness days of notification to develop measures to address

the overcrowding that will have a significant impact on all aspects of prison life.

6.) The double bunking of Mods A,B,C,D,E, and F top tier cells that occupy one inmate at a time in the Medium Security Facility is a overcrowding issue which will re-create even worse conditions than those that brought about the original (stipulated away) Federal Court Decrees IN THE FIRST INSTANCE (See: those case citations consolidated and stipulated-away in a recent Federal Opinion and Order **C.A. No. 74-0172L. PALMIGIANO, et.al. Vs. SUNDLUN AND VOSE. AND THOMAS R. ROSS, et. al., Vs. SUNDLUN AND VOSE, No. 75-0032L and APRIL 4, 2007. and it impacts:**

**I. HOUSING**

1. Common room space per person
2. Showers per person
3. Telephones per persons
4. Hours allowed for indoor acivity
5. Seating per person
6. MRSA "Staph" and Health concerns

**II. RECREATION**

A. YARD RESTRICTIONS FOR;

1. Organized sports
2. Lounging/Recreation
3. Working out
4. Runners

B. GYM RESTRICTIONS FOR;

1. Organized sports

2. Weight training

3. Recreation

4. Capacity restrictions

**III. EDUCATION**

A. CLASS RESTRICTIONS

!. Class size limit

2. Class limits classrooms

3. Class limits periods

4. Class limits teachers

B. LAW LIBRARY RESTRICTIONS

1. Daily use

2. Limits for

a. Type-writers

b. Space for working

c. Only Twenty-One (21) people allowed per period

C. READING LIBRARY RESTRICTIONS

1. Daily use

2. Limits for people per period Sixteen (16)

**IV. VISITATION**

1. Time limit restrictions

2. Visiting room capacity restrictions

**V. DINNING**

1. Time constraints

2. Dinning room capacity

VI SAFETY

1. Infringes on correctional officials right to a safe work enviroment
2. Infringes on penal prisoners right to be free from attacks and assaults at the hands of another inmate
3. Infringes on correctional officials ability to protect penal prisoners from attacks and assaults at the hands of other prisoners and/or officials

7. It is important to point out to this Honorable Court, that, in Bell Vs. Wolfish 441 U.S. 520, 60 1. ed.2d 447, 99 S.Ct. 1861 (1979) the U.S. Supreme Court recognized that while Double-Bunking "May have taxed some of the equipment" in particular facilities in certain of the common areas of the MCI, However, that standard cannot hold at the ACI, since the Court modified the decision in Palmigano Vs. Sundlun/Vose, Supra., and released the DOC from monitoring, the state on its own has failed to comply with the terms of the settlement agreement, apecifically when the provisions on population capacity transfered enforcement-authority from the court to the nrely-created state task force, the Governor's Justice Commission, and there has been a systematic reduction in programs and services institution wide.

8. Defendants' commenced implementation of double-bunking of Mods A,B,C,D,E, and F top-tier single cells by putting metal bunks in cells prior to filing of this action.

CAUSE OF ACTION

"NONCOMPLIANCE WITH THE GOVERNOR'S OVERSIGHT COMMITTEE"

9.) Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 8 of this petition, as if fully set-forth.

10.) Defendants' have not complied with the Governor's Oversight Committee pursuant to R.I.G.L. §42-26-1 et. seq., specifically R.I.G.L. §42-26-13.3 prison inmate population capacity-enforcement mechanisms-relative to notifying the Chairperson of the committee in writing as set-forth in R.I.G.L. §42-26-13.3 that the overall population of the adult Correctional Institutions exceeds Ninety-Five percent of the annual capacity set by the committee for thirty consecutive days or whenever the prison inmate population of any secure facility within the ACI exceeds One-Hundred percent of it's capacity established by court order, consent decree or other-wise, for Five Consecutive Days, the Director of Corrections **Shall** notify the Chairperson of the committee in writing and said Chairperson **shall** schedule an **EMERGENCY** meeting of the committee within Five Business days of notification to develop measures to address the over-crowding, in which the Double Bunking of top tier single men cells has a detrimental effect and impact on every aspect of the prisoners life and the other things mentioned herein.

11.) Plaintiff has articulated his concerns over the double bunking of cells to defendants'. These attempts to avoid judicial intervention have been without success.

12.) Plaintiff has no plain, speedy, or adequate remedy at law in that if defendants' are allowed to go forward with double bunking cells and unless the requested mandatory and injunctive relief is granted, plaintiff will be irreparbly harmed, for which harm money and other legal remedies cannot adequately compensate him.

13.) Plaintiff has complied with Rule 4 of the Sup.C. R.Civ.P., by serving a copy of this petition, summons on Defendant Ashbel T. Wall II, and John and Jane Doe's of the Governor's Justice Oversight Committee. A copy of this petition prior to filing of this action.

**WHEREFORE:**

PLAINTIFF REQUEST JUDGMENT AGAINST DEFENDANTS' FOR:

1. A temporary stay order, temporary restraining order, and preliminary, and permanent injunctions restraining Defendants, their agents, employees, or sub-ordinates from double bunking single men cells in Medium Security John J. Moran Facility, Modules A,B,C,D,E, and F, in any way without complying with R.I.G.L. §42-26-13.3 prison inmate population capacity-enforcement mechanisms, when confronted with over-crowding at the ACI.

2. Such other relief and further relief as the court deems just and proper.

Respectfully Submitted By:
Norman Wheeler Pro se
Norman wheeler