UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Civil Action, File Numbers: 74-0172; 75-0032

| | | |
|---|---|---|
| NICHOLAS A. PALMIGIANO, et.al. | : | |
| Vs. | : | CA No. 74-0172 P |
| THOMAS R. ROSS, et.al. | : | |
| Vs. | : | CA No. 75-0032 P |

## Motion for Stay; Recognition and/or Notice of Appeal

The undersigned Petitioner moves for permission to intervene in any pending actions in the above file numbers and for this Honorable Court to issue a stay of proceedings until the following issues are resolved:

I. Official recognition and proper notification as a member of the Plaintiff Class Action pending in this Court;

II. The final determination in the Rhode Island Superior Court pertaining to the very same issues in this Court, of which the State of Rhode Island retains original jurisdiction. A copy of said pending action and an affidavit in support of this motion is attached hereto.

III. If the Court has already made final decisions to the Class Action; the Petitioner invokes his right to Appeal those decisions that effect his rights and interests.

## AFFIDAVIT IN SUPPORT

**Facts**

1) The Petitioner is confined at the John J. Morin Facility (Med.I) of the Adult Correctiona Institution in Cranston, Rhode Island.

2) The Petitioner is similarly situated as to all other prisoners in this facility.

3) A.T. Wall is the Director of the DOC and is a recent movant in this Court with a proposal to alter the terms to a settled consent decree of case numbers: 74-0172; and 75-0032.

4) The Petitioner has not received any official notice of proposed changes to said case numbers.

5) The Petitioner does not consent to any proposed changes that are detrimental to his current rights and interests.

6) Any proposed changes as to an increase in the population cap will be detrimental to the rights and interests of this Petitioner.

7) Remedy is available for both the Petitioner and the DOC through State Machinery.

8) Both parties have not yet exhausted available State remedies.

I, the undersigned Petitioner, do hereby affirm under penalty of perjury (28 USCS §1746) that the above facts are true and correct to the best of my knowledge and belief.

Larry Belcher Pro Se
pro se

Date: 8/16/2007

By and through the above facts, the Petitioner presents the following contentions and conclusions.

## Analysis

**I. Lack of recognition as a member of the Plaintiff Class and lack of notification is a due process violation.**

The fact that this Petitioner is a resident of this facility and is afforded certain rights which stem from past class action concent decrees, this Petitioner becomes a "de facto" member of that class upon a challenge or revisitation of those rights. With membership, comes certain due process rights afforded by **FRCVP 23.** This Petitioner has not received any reasonable notice. Lack of notification by an unknown attorney and the Courts is a violation of this process and as such the Petitioner is unable to present objections, rights and interests before this Court.

Wherefore, this Petitioner prays for proper recognition through notification from the Attorney representing the Plaintiff Class, and/ or this honorable Court.

**II. This Court Lacks Jurisdiction**

This Court, in its most recent decision in April of 2007, relinquished jurisdiction in this court and held that State machinery retained jurisdiction by way of the Defendant's own Stipulation of Dismissal. **See: Opinion and Order, this motions Case numbers, supra.** Therein the State agreed to enact effective legislation that would keep the overcrowding at bay (See attached pending mandamus). This enacted body of law-"The judicial Oversight Commission"- once enacted, became forever beyond reach of the Federal Courts, unless that law

conflicts with the U.S. Constitution and Federal Laws. If this Court were to allow the Defendants (DOC) to increase the inmate population cap, it would most certainly render all of the inter-connected stipulations unconstitutional. The population cap is the keystone that is constitutionally supporting the other stipulated-away issues pertaining to the conditions of confinement. Moreover, it would allow the "Judicial Oversight Committee" under the auspice of the DOC through future petitions to this federal Court, to circumvent State legislastive government each time the "Committee" fails to effectively exercise its powers. This Federal Court, in essence, would be re-writing (re-legislating) a sound body of State law. Although this body of law was indirectly borne out of this Court's decree, however; the State Legislature instilled adequate provisions and remedies into this law for it to live a meaningful and productive life. Every re-write denies agrieved parties of their established right to redress the government for equity and satisfaction. The Commission has failed to utilize the many tools at its disposal to reduce the prison population, and as such, this Court lacks jurisdiction up until this Petitioner has been afforded the opportunity to exercise the pending mandamus in State Court, where therein lies both parties' remedies.

Wherefore, Petitioner prays that the Defendants requests be denied for lack of jurisdiction, or a stay be issued pending exhaustion of State remedies.

**III. Right to Appeal** - Petitioner evokes his appellate rights if these proceedings have already closed. Relief therein is also requested.

Wherefore, this Petitioner prays that this Honorable Court grant this Motion, and/or any other relief this Court deems just and proper.

Respectfully Sumitted
Larry Pelcher Pro. Se
Larry Pelcher
, Pro-Se
Adult Correctional Inst.
Medium Security
P.O. Box **8274**
Cranston, R.I. 02920

**CERTIFICATION**

I the undersigned do hereby swear that a true copy of this document thru Interdepartmental Mail to Defendant Ashbel T. Wall II, at 40 Howard Avenue, Cranston, R.I. 02920, and an additional copy to the Clerk of the Court for the Unknown Attorney for representing the Plaintiff Class.

Larry Pelcher Pro. Se