**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NICHOLAS A. PALMIGIANO, et al. | : | |
| | : | |
| v. | : | C.A. No. 74-0172L |
| | : | |
| BRUCE G. SUNDLUN, et al. | : | |
| | : | |
| | : | |
| THOMAS R. ROSS, et al. | : | C.A. No. 75-0032L |
| | : | |
| v. | : | |
| | : | |
| BRUCE G. SUNDLUN, et al. | | |

**MEMORANDUM IN SUPPORT OF OBJECTION**
**TO MOTION FOR STAY AND INTERVENE**

Now comes the Defendant, Rhode Island Department of Corrections, (RIDOC) by and through counsel, and hereby objects to the “motions to stay and intervene” filed by Adult Correctional Institutions inmates Norman Wheeler, Christopher Hadley, Michael Brennan, and Larry Pelcher. The Defendants respectfully request that the motions be denied.

## I. Introduction

After years of litigation over prison conditions and population capacities at the Adult Correctional Institutions, the parties entered into a Final Settlement Agreement of the case at bar dated March 18, 1994 and approved by the United States District Court for the District of Rhode Island on July 15, 1994. Since that settlement and dismissal, the parties have executed six stipulations concerning the population capacities, the most recent stipulation having been approved by the Court on August 1, 2007.

**II. The April 2007 Opinion and Order**

On April 4, 2007, the Court, Judge Ronald R. Lagueux presiding, denied and dismissed motions filed by nine RIDOC inmates which accused the RIDOC of various violations of the original settlement agreement. In a 22-page opinion and order, the Court held that "any effort to enforce the current population restrictions (*including the recent stipulations*) must be brought as a separate civil action for breach of contract." (p. 21 of Opinion and Order, dated April 4, 2007) [Emphasis added].

**III. The August 2007 Stipulation and subsequent motions**

The August 1, 2007 stipulation permitted an increase in bunks at the John J. Moran Medium Security facility. Following the entry of that stipulation, various inmates currently in residence at the Medium Moran facility have attempted to stay, intervene, and object to the stipulation. One such inmate, Kenneth Wilson, filed a Motion for stay and/or recognition, on August 9, 2007. The Court, Judge Ronald R. Lagueux presiding, denied Wilson's motion *sua sponte,* on August 15, 2007, presumably for the same reasons articulated in his April 4, 2007 dismissal of those inmates' motions (i.e., Wilson had not filed a separate civil action for breach of contract).

**IV. Argument: the Motions before the Court are precisely the same as the motion which this Court dismissed sua sponte**

The Defendant RIDOC submits that the motions currently before the Court (i.e., Motions to stay and recognition filed by Christopher Hadley on August 15, 2007; filed by Norman Wheeler on August 21, 2007; filed by Michael A. Brennan on August 21, 2007; and filed by Larry Pelcher on August 21, 2007) are exactly the same motion, verbatim, that was filed by Kenneth Wilson on August 9, 2007, and dismissed by the Court *sua*

*sponte*. RIDOC therefore submits that the pending motions should be similarly denied and dismissed.

**IV. Conclusion**

Per this Court's prior ruling, any effort to enforce the Settlement Agreement in this case, or to dispute the most recently stipulation filed, must be brought via a civil action for breach of contract. As the inmates currently before the Court have not done so, their motions should be denied, just as the Wilson motion was denied and dismissed *sua sponte* by this Court.

s/s Patricia A. Coyne-Fague, #5198
Executive Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920

**Certification**

I hereby certify that a copy of the within memorandum in support of objection was mailed, postage prepaid, to inmates Norman Wheeler, Christopher Hadley, Michael Brennan and Larry Pelcher, at P.O. Box 8274, Cranston, RI 02920 on this 27th day of August 2007.

s/s Patricia A. Coyne-Fague