UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NICHOLAS A. PALMIGIANO, et al | : | |
| v. | : | C.A.No. 74-0172L |
| BRUCE G. SUNDLUN | : | |
| THOMAS R. ROSS | : | |
| v. | : | C.A.No. 75-0032L |
| BRUCE G. SUNDLUN, et al. | : | |

Plaintiff/Petitioner: Christopher R Hadley ; 1st Circuit File No. 07-2268

**COUNTER OBJECTION**

Now comes the undersigned Plaintiff, pro-se, and hereby objects to the Defendant's "Objection To Motion For Stay And Intervene" for the following reasons.

**I. INTRODUCTION**

The Plaintiff, in his attempts to be Recognized, Notified, and adequately Represented in this Honorable Court, is being further led astray from his established rights by the Defendants memorandum which is misrepresenting the facts in an attempt to convolute an appeal. **See: Defendant's Objection Memoorandum on file.**

**II. MISREPRESENTATION OF THE FACTS**

The Defendant's Objection Memorandum (See: Introduction) is nothing more than a feeble attempt to obfuscate this layman and further convolute the facts for the First Circuit Court of Appeals.

> "Since that settlement and dismissal, the **parties** have executed six stipulations concerning the populations capacities, the most recent stipulation having been approved by the court on August 1, 2007." **See: Defendant's Memorandum [of Law] at I.** (emphasis added).

The Defendant very well knows that this Plaintiff, or any other Plaintiff of the REAL AND TRUE CLASS, was not present at; notified of; adequately represented in; any proceedings on, about, or after August 1, 2007, the Defendant was essentially the only party

present. By simply reading this Plaintiff's filing, and all of the other indentical filings of the similarly situated Plaintiffs, should make all of the aforementioned facts quite clear to the Defendant, and the Court as well. Hopefully the appellate Court will recognize that many civil and legal rights are being abused, and all parties involved know that when the 144 additional beds get filled-my health will be in grave danger. For the Defense to claim that the Plaintiff was party to the proceedings when he was not, is a blatant misrepresentation of facts.

The Defendant further goes on to suggest that the Plaintiffs would have merit if he had only presented a breach of contract claim, as the court directed earlier Plaintiffs in an earlier decision. Here again, the Defendant failed to read the plain language of the Plaintiff's brief, wherein it wished to intervene in the very proceeding that eventually gave them permission to increase the population capacity of which they intended to breach in the first instance. The Defendant's suggestion is logically flawed because such a claim could not be made until the beds were actually occupied, and thus, any such claim would be rendered moot.

The Defendant has proffered an insincere suggestion to a moot point, which only blurs the truth, sullies the Bar, and weakens the integrity of the entire system. The Plaintiff can only hope the Court can look beyound such ploys and reconsider the pending ramifications that will surely come if the stipulated increase stands.

## III. CONCLUSION

WHEREFORE, it is prayed, that this Honorable Court deny the Defendant's Motion; reconsider and grant the relief within the Plaintiff's original Motion; and Appoint any counsel to represent the real Plaintiffs (other than the poser that was present).

Respectfully Submitted,

Christopher R Hadley

Christopher R. Hadley Pro-Se

CERTIFICATION

[ 28 USC §1746 ]

I swear upon the penalty of perjury that a true copy of this document was placed in the interdepartmental mailbox, and sent to the person's below on this 30 day of August 2007.

A.T. Wall
40 Howard Ave
Cranston, R.I. 02920
(Interdepartmental Mail)

Christopher R. Hadley

Christopher R. Hadley Pro-Se
P.O. Box 8274
Cranston, R.I. 02920