UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Civil Action, File Numbers: 74-0172; 75-0032

| | | |
|---|---|---|
| NICHOLAS A. PALMIGIANO, et.al. | : | |
| Vs. | : | CA No. 74-0172P |
| BRUCE G. SUNDLUN, et.al, | : | |
| THOMAS R. ROSS, et. al. | : | |
| Vs. | : | CA No. 74-0172P |
| BRUCE G. SUNDLUN, et. al. | : | |

MOTION FOR LEAVE TO APPEAL/JOIN WITH

The undersigned Plaintiff class member, seeks permission from this Honorable Court for **Leave to Appeal** recent actions in the above listed case numbers; and/or permission to **Join** in with the actions of the recent Movant-Appellant in **File No.** 07-2251; and the appointment of counsel to properly represent the Plaintiff Class.

STATEMENT:

Certain actions are believed to have transpired in the above case numbers wherein my rights and interests were allegedly represented to the court-without my knowledge and consent, (the particulars of which are still unknown to me). These acts and/or omissions have succesfully denied me the opportunity to exercise my rights and file a timely appeal, and to adequately represent my interests in the first instance.

I declare the following facts to support this statement.

Denied – the above entitled cases have been terminated – See 482 F.Supp 2d 207
Ronald R. Lagueux
Sr. USDJ 9/13/07

FACTS:

1. I am a prisoner confined at the John J. Moran Facility (Medium I Security) of the A.C.I. in Cranston, Rhode Island.
2. I am similarly situated as to all other prisoners in this facility.
3. I am also similarly situated as to the Movant-Appellant in Case Number **07-2251**.
4. A.T. Wall is the Director of the DOC, and as a recent movant in this Court, was allowed to either amend/repeal, and/or renegotiate the terms of prior decrees, and/or settlements pertaining to at least one case known by me: C.A. No.s 74-0172; and 75-0032.
5. I had not received any official notice of proposed changes.
6. I have yet to receive any notice of impending changes.
7. I did not consent to any proposed changes.
8. I do not consent to any impending changes.
9. Any increase in agreed upon population caps will affect my overall health, safety, and well-being.
10. I was not contacted, nor represented by any attorney in this matter.
11. My rights and interests were not properly and adequately before the Court, and I am still in need of representation.
12. My only remedy at law is this appeal by this Court's leave, and/or permission to join with said party.

By and through the above Statement and Facts, the following questions are raised.

**Issue: I.** Should the Court afford the Plaintiff leave to appeal untimely?

**Analysis:** The Plaintiff has an inherent right to redress the government by way of an established protocol, i.e., the 1st; 9th; and 14th Amendments to the U.S. Constitution. However, this right is sometimes qualified when, for instance, its application is untimely; as is the present case.

It is suggested that the Court look to the circumstances at hand, and the discretion the Court is vested with to weigh the greater harms[1] that may befall this Plaintiff when he fails to meet a deadline by no fault of his own.

In the instant case, both before the proposed changes to the settlement and after (presently), Jason Cook the Plaintiff has been left entirely in the dark; unable to exercise his rights by no fault of his own.

**Conclusion:** But for the lack of any notice of impending amendments/ repeals to the settlement, and the lack of any true representation to protect and proffer my interests and rights, this motion would be timely, if not entirely unnecessary in the first instance.

But for the untimelyness, the Plaintif's rights to redress would

---

**Fn.1** i.e., the overall health and safety issues that besiege the occupants of any facility when the number of residents exceed a building's physical capacity.

have been available to him. Since the fault is not due to his own acts and omissions, the Plaintiff should not be prejudiced as such. Justice would be best served by allowing him the opportunity to redress the alledged wrongs and prevent the impending collateral side-effects that most certainly will follow.

By and through the aforementioned facts and analysis, the following relief is requested.

**RELIEF:**

It is respectfully requested that his Honorable Court grant leave to appeal, and the appointment of counsel for the Plaintiff Class.

**ISSUE: II.**

In lieu of the releif sought in **ISSUE I.**, Should the Court grant leave for the Plaintiff to join with the other Plaintiff(s') in File Number **07-2251**, and the appointment of counsel?

**ANALYSIS:**

This Plaintiff is similarly situated with like rights and interests as the other Plaintiff(s') in File Number **07-2251**. In the interests of judicial economy and brevity, this Plaintiff respectfully refers this Honorable Court to the Analysis and Conclusion contained above in **ISSUE I**, Wherein the Plaintiff proffers the very same for this court to apply here towards the relief below.

**Relief:** By and through the aforementioned Facts and Analysis, it is prayed that this Honorable Court grant leave to join with like Plaintiff(s) in **File No. 07-2257**, and appoint counsel for the Class.

Date: 8-20-07

Respectfully submitted,

, pro se

**Unsworn Declaration**

I hereby declare under the pains and penalties of perjury (28 USCS §1746) that the above facts on page 2 of this motion, and all other averments throughout, are true, correct, and accurate to the best of my knowlrdge and belief.

**CERTIFICATION OF SERVICE (28 USCS §1746)**

I hereby swear that a true copy of this document was placed in the Interdepartmental Mailbox and addressed to the Defendant A.T. Wall, Director, at the Admin "A" Bldg., in Cranston, R.I.

Jason Cook Pro-Se
#98572
P.O. Box 8274
Cranston, RI 02920