UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Nicholas Palmigiano, et al., | : | |
| Vs. | : | C.A. No. 74-0172L<br>75-0032L |
| Bruce Sundlun, et al., | : | |

Plaintiff/Petitioners:

| | |
|---|---|
| Christopher Rocheleau | Phillip Jackson |
| Robert Picard | Leonard Harrington |
| Christopher Botelho | Christopher Marikian |
| Mark Halvorsen | Daniel Smith |
| John LaFond | Shawn Wakester |

**MOTION TO APPOINT COUNSEL AND TO ADJUDGE DEFENDANT IN DEFAULT**

Now comes the Plaintiffs pursuant to 28 USC 1915(e)(1); Rule 23(g)(3); and Rule 55(b)(2), and moves this honorable court for the appointment of counsel, and to adjudge the Defendant in default in the above entitled case for the following reasons:

1. The attorney of record has failed to file a notice of appearance.
2. The Plaintiffs are unable to afford an alternate class action attorney.
3. The plaintiffs cannot legally act as attorney for other inmates in a class action.
4. The Plaintiff's have a limited knowledge of the law.
5. The issues involved in this case are complex.
6. The Plaintiffs have limited access to less than "basic" research materials.
7. The defendants have failed to respond to our motion for relief.

The following is in support thereof:

# AFFIDAVIT IN SUPPORT OF THE Plaintiff's MOTION FOR APPOINTMENT OF COUNSEL

The undersigned, hereby certify under the pains and penalties of perjury, pursuant to 28 USCS 1746, that the foregoing is true and correct to the best of our knowledge and belief:

1. We are the Plaintiffs in the above entitled case. I make this affidavit in support of our motion for the appointment of counsel.

2. We are unable to afford counsel, and the incidental costs that are associated with fully prosecuting these claims due to our lack of assets outside of our institutional pay.

3. The plaintiffs allege that the claims in this motion are not frivilous, will be proven to have merit, and are brought forward in good faith.

4. The motion in this case alleges that the plaintiffs are entitled to the appointment of counsel in order to prosecute their motion for relief from a judgement which alleges to be in violation of the P.L.R.A.; violates the terms to the contract settlement; is a breach of contract; is based upon misrepresentation; and/or fraud made upon the court; and was made under conflicting interests of the attorney of record.

5. This facility is under a split recreation schedule, wherein one-half of the facility does not interact with the other half.

6. The plaintiffs only hold high school diplomas and are without any formal legal training that would warrant them to represent their co-plaintiffs.

7. The Law Library at this facility is a Satellite location and fails to stock the following "basic research" materials: U.S.C.A., Supreme Court Digest, AmJur 2d., Corpus Juris Secundum, Atlantic Digest (R.I. Digest only). Full citations from all Federal Reporters (no D.R.I. Slip Opinions) must be purchased- sight unseen- via a request through the Central Library at another facility (the DOC cancelled all noted subscriptons in 1999).

8. The inmate law clerks at the R.I. DOC are only trained to research the law and may only instruct you on how to conduct your own research. They are forbidden to assist you in any way, what so ever, unless you are illiterate and/or you do not speak English.

9. This Affidavit, motion and memorandum of law, has been adapted from a boilerplate form-motion found in the back of a Prisoner's Sef-Help Manual, and is not entirely the work product of these Plaintiffs.

10. The attorney of record for the Palmigiano Settlement (Alvin Bronstein) is not responding to our motion for relief, and has failed to file a notice of appearance with this Court on this matter.

11. The defendant has failed to answer/respond to our motion, and, as such, it is alleged that they are in default.

12. As set forth in the memorandum of law submitted with this motion, these facts, along with the merit of the plaintiffs' claims, support the appointment of counsel to represent the plaintiffs.

WHEREFORE, the plaintiffs motion for the appointment of counsel should be granted.

## 28 USCS 1746

The undersigned, do hereby certify under the pains and penalties of perjury that the aforesaid affidavit is true and accurate to the best of my knowledge and belief; and

The fore going complaint and motion is respectfully submitted by the undersigned, collectively and individually, without representation of legal counsel.

Mark Halvorsen — Leonard Harrington — Chris Rochelean

Christopher Botelho — Phillip Jackson — Daniel Smith

Christopher Markin — John Cafone — Shawn Wakester

Robert Picard

All signers reside at: The Moran Facility
P.O. Box 8274
Cranston, R.I. 02920

## CERTIFICATION OF SERVICE

I, the undersigned, do hereby certify that I caused a true copy of this complaint and affidavit to Director A.T. Wall, II, at 40 Howard Ave., Cranston, R.I. 02920, by placing it in the DOC Mailbox for delivery for that purpose, on the 8th day of [redacted] september, 2008.

The following memorandum of law is in support:

Mark J Halversen

# MEMORANDUM IN SUPPORT OF APPOINTMENT OF COUNSEL AND TO ADJUDGE THE DEFENDANT IN DEFAULT

**Statement of the Case**

The Plaintiffs are moving this honorable Court for relief from an order entered on August 1, 2007 in the above entitled case, pursuant to Civ.P. Rule 60(b).

**Statement of the Facts**

The Plaintiffs claim that said order was made by mistake, inadvertance, fraud, and other extraordinary circumstances warranting relief; and that the appointment of counsel is necessary to prosecute this claim and to, now, prove that the defendant is in default.

**Argument**

**The Court Should Appoint Counsel For The Plaintiffs**

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existance of conflicting testimony, the ability of the indigent to present the claim and the complexity of the legal issue." **Abdullah v Gunter, 949 F2d 1032, 1035 (8th Cir 1991)(Citation omitted), cert. denied, 112 S.Ct. 1995 (1992).**

In addition, the courts have suggested that the most important factor is whether the case appears to have merit. **Cooper v Sargenti**, **877 F2d 170, 173 (2nd Cir 1989).** Each of these factors weighs in favor of appointing counsel in this case.

## 1. Factual Complexity

The Plaintiffs allege that the order: violates the P.L.R.A.; violates the terms of the Settlement; is a breach of contract; is based upon misrepresentations and/or fraud made upon the Court; and was made under conflicting interests by the attorney of record. **See: attached Affidavit at facts 3 & 4 ; and the Motion For Relief filed with this court on or about August 1, 2008.**

All of these issues and decades of litigation that led up to the 1994 settlement and the subsequent order that is now in question, clearly makes this case factually complex.

Additionally, the underlying issues will probably require expert witnesses, or to cross-examine expert witnesses called by the defendants, or both, as to the immediate and long term effects that the increased population is having upon our health and safety- issues which were not substantiated by qualified experts.. The presence of medical or other issues requiring expert testimony supports the the appointment of counsel. **Moore v Mabus**, **976 F2d 268, 272 (5th Cir. 1992); Jackson v County of McLean, 953 F2d 1070, 1073 (7th Cir. 1991).**

**2. The Plaintiffs' Ability To Investigate**

The Plaintiffs are incarcerated and have limited ability to investigate the facts. For example, this facility is under a split recreation schedule, wherein one-half of the facility does not interact with the other half, thereby the plaintiffs are unable to identify, locate and interview any inmates, if any, that substant-iated for the attorney of record that: the level of programing is adequate; the conditional 10 hours of recreation and 10 hours of lock-in times are being met; etc... The two populations are essentially isolated from one another. **See: Affidavit at #5** .

This division of the population puts the Plaintiffs in the same situation as an inmate who has been transferred to a differant facility, a factor that several courts have cited in appointing counsel. **Tucker v Randall, 948 F2d 388, 391-92 (7th Cir 1991); Gatson v Coughlin, 679 F.Supp 270, 273 (W.D.N.Y. 1988); Armstrong v Snyder, 103 F.R.D. 96, 105 (E.D.Wis. 1984).** In addition this case will require considerable discovery concerning the identity of those prisoners that the attorney of record met with; the areas within the facility that the attorney inspected; and which branches of science he based his reports upon. **Tucker v Dickey, 613 F.Supp 1124, 1133-34 (W.D.Wis. 1985).**

The need to depose our very own attorney places us "in no position to investigate crucial facts." **Maclin v Freake, 650 F2d 885, 887 (7th Cir 1981)(citing Peterson v Nadler, 452 F2d 754 (8th Cir 1971) (Appointment was necessary when prisoner sues his own attorney).**

## 3. Conflicting Testimony

The Plaintiffs' allegations will surely conflict with the defendants assertions to this Court, and, as such, will turn into a credibility contest between convicted criminals and elected officials. This places us at quite a disadvantage. The existance of these credibility issues supports the appointment of counsel. **Gatson supra.**

## 4. The Ability of the Indigent to Present his Claim

The Plaintiffs are indigent (**See Affidavit at #2** ) with no legal training **(Affidavit at #6 and 9)** which are factors thatssupport appoint of counsel. **Whisenant v Yuam, 739 F2d 160, 163 (4th Cir 1984).**

In addition, they reside in a facility with limited access to only a satellite law library (which is not required to stock full citations of federal caselaw - digests only). However, even the required basic research materials are deficient. See:(Affidavit at 7&8). For example, without an encyclopedia of law (a CJS, or AmJur2d), or the Supreme Court Digest, We are unable to even know the existance of a case for which to request from the central library. **Rayes v Johnson, 969 F2d 700, 703-04 (8th Cir 1992)(citing lack of ready access to a law library as a factor supporting appointment of counsel.).**

Furthermore, the defendants have failed to answer our motion (see: Affid at #10&11), and, as such, a hearing is necessary to adjudge the defendant in default; an endeavor beyond a layman's reach, no less that of an unskilled prisoner.

## 5. Legal Complexity

The diverse issues involve constitutional law, contract law, class action law, federalism, and federal civil procedure, thereby clearly making this case legally complex.

Additionally, there are over one-thousand similarly situated class members in this facility that are without counsel, The Plaintiffs cannot adequately represent the rights and interests of the other members of the class. **Avery v Powell**, 695 F.Supp 632, 634 (D.N.H. 1988)(supporting the widely held position that a prisoner is inadequate to represent other inmates.). See also: Affid.- "Passim".

## 6. Merit of the Case

The Plaintiffs' allegations, if proved, clearly would establish a violation of law, a conflict of interest, and a breach of contract by the defendants which amounts to an "exceptional circumstance" warranting relief from judgement. (**Keeling v Sheet Metal Worker's International Ass'n, Local Union 162**, 796 F2d 276 (9th Cir 1980)).

This case has merit because the law forbids "a party [the DOC] to benefit from a judgement the terms of which it has deliberately disregarded." **Warner v Rossignol**, 513 F2d 678, 682 (1st Cir 1975). On its face, then, this is a meritorious case.

**7. The Attorney of Record has not Appeared, and the Defendant does not Respond.**

The Plaintiff's purported attorney of record has failed to file a notice of appearance in this court on our behalf regarding our recent motion for relief. **See Affidavit at # 10.** Nor has said attorney filed for appearance in the contempt of court allegations made by prisoners William O'Brien, et al.; and Kenneth Wilson, et al. **See: this Courts docket for the Palmigiano Case dated 1/11/07 through 10/1/07** (wherein no appearances were made by said attorney even after the Clerk of this very Court mailed courtesy copies of every court notice and order to said attorney's Office in Washington, D.C.).

Clearly, the plaintiffs have been set adrift and are now stuck in the doldrums without a compass and oars.

**Conclusion**

For the foregoing reasons, the court should grant the Plaintiff's motion and appoint counsel in this case; and adjudge the Defendant in default.

Dated: September 5, 2008

Respectfully submitted,

[ By the ten plaintiffs on page 4 of this document. ]