# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**NICHOLAS PALMIGIANO**

v.                                                       C.A. NO. 74-172 L

**DEPARTMENT OF CORRECTIONS ET AL.**

## MEMORANDUM AND ORDER

Senior United States Magistrate Judge Hagopian

Presently before the Court are motions by ten inmates at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island: Christopher Rosheleau, Robert Picard, Christopher Botelho, Mark Halvorsen, John LaFond, Phillip Jackson, Leonard Harrington, Christopher Marikian, Daniel Smith, and Shawn Wakester (together, the "Inmates"). The Inmates seek to intervene or join a class action lawsuit initially filed in 1974 (the "Class Action") to redress a recent increase in the number of bunks at the ACI. The Inmates filed motions: (1) for Relief from a Stipulation signed August 1, 2007 (Docket # 76); (2) to Appoint Counsel (Docket # 77); and (3) to Adjudge Defendant in Default (Docket # 77). Defendants have objected to these motions (Dockets ## 79 & 80). These matters have been referred to me for determination. For the reasons set forth below, the motions are DENIED.

## BACKGROUND

The extensive background in this case was detailed by Senior Judge Lagueux in *Palmigiano v. Sundlun*, 482 F.Supp.2d 207 (D.R.I. 2007)(hereinafter, the "2007 *Palmigiano* Opinion")(denying motions filed in 2006 and 2007 by ACI inmates seeking to redress complaints about conditions at the ACI by intervening in the Class Action). In brief, in 1977, the Court ruled in favor of the plaintiff class of ACI inmates who had alleged that the conditions at

the ACI violated the Eighth Amendment. *Id.* at 208. The Court ordered the Rhode Island Department of Corrections to implement numerous changes and retained jurisdiction of the case in order to oversee the process, which took over 17 years. *Id.* at 209 - 211. In 1994, the parties finally entered into a settlement agreement (the "Settlement Agreement"), which, *inter alia*, set forth caps on the inmate population. *Id.* at 211. After several months of monitoring to determine that defendants were in substantial compliance with the Settlement Agreement, a Stipulation of Dismissal was approved by the Court in July 1995. *Id.* Since then, several stipulations amending the Settlement Agreement have been agreed to by the parties and approved by the Court. *Id.* The most recent stipulation, dated August 1, 2007, increased the cap on the number of beds by 144 (the "2007 Stipulation") (Docket # 13).

The Inmates here seek relief from the 2007 Stipulation pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (the "Federal Rules") regarding relief from a final judgment or order. They claim that as ACI inmates they are members of the plaintiff class and that the attorney of record, who agreed to increase the number of beds at the ACI, does not represent their interests. They also seek counsel and a court order adjudging the defendants in default.

## DISCUSSION

Plaintiffs' motions here are misplaced. Although they purport to be members of the plaintiff class in the Class Action, as the Court has previously ruled in similar circumstances, the Class Action is closed. *Palmigiano*, 482 F. Supp. 2d at 215. In order for a court to retain supplemental enforcement jurisdiction over a settlement after the court grants a voluntary dismissal based on a stipulation signed by all parties, the parties must have (1) agreed to incorporate the terms of the settlement into the dismissal order or (2) executed a stipulation

authorizing the court to retain jurisdiction over the implementation of the settlement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381, 114 S.Ct. 1673 (1993). In the 2007 *Palmigiano* Opinion, in response to the motions filed by ACI inmates claiming that defendants were violating the terms of the Settlement Agreement, Judge Lagueux determined that neither of the circumstances for retaining jurisdiction governed the Class Action. *Palmigiano*, 482 F.Supp.2d at 215. He stated that "[t]he terms of the Settlement Agreement and the Stipulation of Dismissal clearly terminate the Court's jurisdiction." *Id.* He further stated:

> The provisions on population capacity transferred enforcement authority from the Court to the newly-created state task force, the Governor's Justice Commission. Consequently, the Court concludes that *any effort to enforce the current population restrictions (including the recent stipulations) must be brought as a separate civil action for breach of contract.*

*Id.* (emphasis added).

Additionally, four months after the 2007 *Palmigiano* Opinion, following the signing of the 2007 Stipulation, several additional ACI inmates filed various motions essentially seeking to intervene in the Class Action and stay the proceedings, including the implementation of the 2007 Stipulation (Dockets ## 16, 18, 21, 23, 25, 31, 33, 57, 63 & 64). Judge Lagueux denied these motions (Dockets ## 17, 38-42 & 68-69), and several inmates appealed (Dockets ## 15, 19, 22, 24, 26, 55 & 60). Upon review, the First Circuit affirmed Judge Lagueux's rulings, stating:

> We have considered appellants' filings which challenge, in effect, the district court's denial of their requests to intervene in a class action instituted in 1974. That case is closed; thus, there is no pending case in which appellants can intervene.

*Palmigiano v. Wall*, Nos. 07-2251, 2268 & 2319 (1st Cir. July 2, 2008)(Dockets ## 75, 78 & 81).

The Inmates' attempt to reopen the case pursuant to Federal Rule 60(b) also fails. As the case was dismissed and judgment entered in 1995 pursuant to the Stipulation of Dismissal, the

Inmates' motion is untimely. *See* Fed.R.Civ.P. 60(c)(motions for relief from judgment or order under Rule 60(b) shall be made within a reasonable time). The Inmates have not presented extraordinary circumstances that would indicate that the 13-year-old judgment of dismissal should be vacated. Although their motion is drafted as a request for relief from the court approval of the 2007 Stipulation in August 2007, as indicated by the First Circuit's statement in July 2008 that this case is closed, such approval by the court of the 2007 Stipulation did not reopen the case. *C.f. Taylor v. U.S.*, 181 F.3d 1017, 1023, n.11 (9th Cir. 1999)(court did not retain jurisdiction over 1972 consent decree pursuant to which the Arizona State Prison adopted certain prisoner rules or 1973 judgment dismissing the case, despite subsequent court approval of amendments to the prisoner rules set forth in the consent decree requested by prison officials in 1979 and 1994).

Accordingly, as this case is closed, the Inmates' motions are DENIED. As directed in the 2007 *Palmigiano* Opinion, the Inmates must bring a separate civil action for breach of contract to enforce population restrictions set forth in the Settlement Agreement.

IT IS SO ORDERED.

_____
Jacob Hagopian
Senior United States Magistrate Judge
February 17, 2009

4