UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NICHOLAS PALMIGIANO, et al.,
    Plaintiffs,

v.                                          C.A. No. 74-0172L

BRUCE G. SUNDLUN, Governor of
the STATE OF RHODE ISLAND, and
GEORGE VOSE, in his capacity as
Director, Rhode Island Department
of Corrections,
    Defendants.


THOMAS R. ROSS, et al.,
    Plaintiffs,

v.                                          C.A. No. 75-0032L

BRUCE G. SUNDLUN, Governor of
the STATE OF RHODE ISLAND, and
GEORGE VOSE, in his capacity as
Director, Rhode Island Department
of Corrections,
    Defendants.

**MEMORANDUM AND ORDER**

    This Court receives frequent requests (principally from present inmates of Rhode Island's Adult Correctional Institutions – "ACI") to reopen the above-captioned matters. With this Memorandum and Order the Court intends to close these matters, finally and completely.

    Pursuant to Orders of this Court issued on April 4, 2007,

both cases are now closed; no additional class members may be added to the class; and the 1994 Settlement Agreement that addressed conditions at the facilities is now dissolved. This Court wrote extensively concerning the history and resolution of these matters in those Orders.

In summary, all comments, complaints, issues and motions concerning the overcrowding and prison inmate population must now be directed to the State of Rhode Island's Criminal Justice Oversight Committee, which was established by the Rhode Island State Legislature in 1993 for the specific purpose of enforcing the caps on the inmate population that were set forth in the 1994 Settlement Agreement. See Rhode Island General Laws §§ 42-26-13 through 42-26-13.3. Correspondence may be directed to the Committee care of the Presiding Justice of Rhode Island's Superior Court at 250 Benefit Street, Providence, RI, 02903.

All other issues besides overcrowding that were addressed in the 1994 Settlement Agreement were resolved in full by that Agreement. The Settlement Agreement specified in Section X, para. B, that "plaintiffs shall not seek additional relief in connection with this lawsuit..." Following the execution of the Settlement Agreement, a period of monitoring took place, which ended with a Stipulation of Dismissal in 1995, resulting in the complete termination of the above-captioned matters. Consequently, all comments, complaints, issues and motions that concern conditions at the ACI, other than overcrowding, will not

be considered further by this Court as part of either of the above-captioned lawsuits. If present inmates seek to pursue legal remedies for complaints about their treatment or conditions of incarceration, those complaints must be pursued in a new civil rights lawsuit, or, first, via the administrative remedies available through the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

It is so ordered.

*/s/ Ronald R. Lagueux*

Ronald R. Lagueux

Senior United States District Judge

February 19, 2014