UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NICHOLAS PALMIGIANO, et al., )
    Plaintiffs, )
)
v. )    C.A. No. 74-cv-172-JJM-PAS
)
DEPARTMENT OF CORRECTIONS, )
et al., )
    Defendants. )

## ORDER

Richard Paiva, an inmate at the Adult Correctional Institution ("ACI") of the Rhode Island Department of Corrections (RIDOC), has filed a series of motions[1] in this 49-year-old case, that a judge declared 9 years ago was completely terminated and permanently closed. ECF No. 101. Mr. Paiva complains that his cell size is too small. The Defendants have moved to dismiss asserting that the Court lacks subject-matter jurisdiction, that the Court lacks jurisdiction, and that Mr. Paiva fails to state a claim upon which relief can be granted. ECF No. 109.

The Court held that the terms of the Settlement Agreement, entered in 1994 between the State and representatives for those incarcerated by the RIDOC, "other than overcrowding," were completely resolved in full. ECF No. 101. The issue of overcrowding would continue to be monitored, but it would be done so through Rhode

---

[1] Motion to Intervene (ECF No. 102), Motion for Contempt (ECF No. 103), and a Motion to Appointment Counsel. ECF No. 104.

Island's Criminal Justice Oversight Committee.[2] Any issues on the overcrowding and prison inmate population were to be directed to that committee.[3] The Settlement Agreement was thereafter *dissolved* under a Court Order dated April 4, 2007.[4] ECF No. 9. The court stated:

> The 1994 Settlement Agreement that addresses conditions at the [ACI] is now dissolved. *** resulting in the complete termination of [these] matters. Consequently, all comments, complaints, issues and motions that concern conditions at the ACI, other than overcrowding, will not be considered further by this Court . . .

ECF No. 101 at 2

Mr. Paiva wants to intervene to seek redress for the size of the cell to which the RIDOC assigned him. This Court has no jurisdiction to adjudicate that claim in this closed case in which the Settlement Agreement has long been dissolved. This case was terminated years ago, the Settlement Agreement was dissolved, and jurisdiction over matters involved in overcrowding were given to a state agency.[5] Mr. Paiva's redress is to file a new lawsuit alleging his causes of action. This case has long ago ceased being a vehicle for individual claims.

---

[2] See R.I. Gen. Laws §42-26-13 through 42-26-13.3.
[3] The Commission changed its name to the Criminal Justice Oversight Committee. R.I. Gen. Laws § 42-26-13.
[4] "The terms of the Settlement Agreement and the Stipulation of Dismissal clearly terminate the Court's jurisdiction. . . The provisions on population capacity transferred enforcement authority from the Court to the newly-created state task force, the Governor's Justice Commission." ECF No. 9 at 21.
[5] While Mr. Paiva asserts that the size of his cell constitutes "overcrowding," such is not the case. A plain reading of the Settlement Agreement makes clear that the Court distinguished between issues involving overcrowding and cell size.

The Court GRANTS the State's Motion to Dismiss (ECF No. 109) and DENIES Mr. Paiva's Motion to Intervene (ECF No. 102), Motion to Adjudge in Contempt (ECF No. 103), and Motion to Appoint Successor Counsel. ECF No. 104.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Court
Chief Judge

October 20, 2023